

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

AMENDED COMPLAINT WITH POVERTY AFFIDAVIT
January 15, 2021 16:19

By: CHRISTOPHER M. SAMS 0093713

Confirmation Nbr. 2158480

TERESA COLE

vs.

EMBASSY HEALTHCARE INC., ET AL.

CV 20 940209

**Judge:** DAVID T. MATIA

**Pages Filed:** 10

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| TERESA COLE | ) | CIVIL ACTION NO. CV-20-940209 |
| | ) | |
|  Plaintiff, | ) | JUDGE DAVID T MATIA |
| | ) | |
| v. | ) | |
| | ) | |
| EMBASSY WILLOW PARK, LLC | ) | |
| d/b/a WILLOW PARK SKILLED | ) | |
| NURSING AND REHABILITATION | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EMBASSY ROYAL OAK, LLC | ) | |
| 18810 Harvard Ave. | ) | |
| Cleveland, OH 44122 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MINUTE MEN SELECT, INC. | ) | |
| 3740 Carnegie Ave. | ) | |
| Cleveland, OH 44115 | ) | |
| | ) | |
|  Defendants. | ) | **JURY DEMAND ENDORSED HEREON** |

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff Teresa Cole ("Plaintiff") alleges as follows for her Amended Complaint against Defendants Embassy Willow Park, LLC d/b/a Willow Park Skilled Nursing and Rehabilitation, Embassy Royal Oak, LLC, and Minute Men Select, Inc. ("Defendants"):

1. Plaintiff worked as an employee for Defendants from about September 2017 until July 17, 2019.

2. Defendants' revenues exceed $500,000 per year.

3. Defendants do business in Cuyahoga County, Ohio.

4. Defendants are enterprises engaging in interstate commerce.

5. Defendants employ more than fifteen employees.

6. This Court has subject matter jurisdiction over the claims and parties raised in this Amended Complaint.

7. This Court has personal jurisdiction over the parties to this action.

8. Venue is proper in Cuyahoga County, Ohio because Defendants conducted activity that gives rise to the claim for relief in Cuyahoga County, Ohio, Defendants have their principal places of business in Cuyahoga County, Ohio, and separately because Plaintiff's claim for relief arose at least in part in Cuyahoga County, Ohio.

9. Plaintiff consents to become a party plaintiff in this action and attached her written consent as an exhibit to her Complaint.

10. Plaintiff has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if she is successful on one or more of the claims set forth herein.

11. Plaintiff suffers from a physical impairment that substantially limit one or more of her major life activities.

12. Plaintiff suffers from a disability that causes severely painful lesions and can cause extremely dangerous infections leading to sepsis.

13. Defendants were aware of Plaintiff's disabilities.

14. Plaintiff has a record of physical impairments.

15. Defendants regarded Plaintiff as having physical impairments.

16. Plaintiff was qualified for her job.

17. Plaintiff could perform the essential functions of her job with a reasonable accommodation of going to doctor's appointments and having a short time off of work to recover from her disabilities.

18. Plaintiff made these requests for reasonable accommodations to her supervisor, Darla Hander.

19. Plaintiff worked for Defendants as a State Tested Nursing Assistant and a Driver.

20. In about April 2019, Defendants transferred Plaintiff to their Harvard Avenue location, which does business as "Willow Park Skilled Nursing & Rehabilitation."

21. At the same time that Defendants transferred Plaintiff's work location, Defendants also gave Plaintiff the additional job title of Staffing Coordinator.

22. On or about July 3, 2019, Defendants promoted Plaintiff to Human Resources Director.

23. About five days after Defendants promoted Plaintiff to Human Resources Director, on July 8, 2019, Plaintiff was forced to go to the hospital due to her disability.

24. Plaintiff was forced to go to the hospital around 2:00 or 2:30 pm on July 8, 2019.

25. Plaintiff's doctor's office called her at this time and told Plaintiff that she needed to come to the hospital *immediately*. Plaintiff's doctor had worried that her disability might imminently lead to sepsis, so her presence at the hospital was imperative. Given this order from her doctor, Plaintiff complied and immediately left for the hospital.

26. Plaintiff informed her supervisor, Darla Handler, that she needed to go to the hospital, and she maintained contact with Darla Handler throughout her hospital stay. Darla Handler approved Plaintiff leaving

27. Over the next few days, while Plaintiff was still in the hospital, her co-worker texted her that Defendants had already hired somebody to replace Plaintiff.

28. The next week, on July 17, 2019, Darla Handler met with Plaintiff and terminated Plaintiff's employment.

29. Defendants terminated Plaintiff's employment mere weeks after promoting her and only days after Plaintiff had been released from the hospital.

30. Defendants claimed Plaintiff did not go to work on July 8, 2019 to explain why it terminated her employment. This reason is a mere pretext. Plaintiff worked more than half of a day on July 8, 2019, until her doctor called her to go to the hospital. Indeed, Darla Handler was well aware that Plaintiff had to leave work due to her disability.

31. Upon information and belief, Defendants terminated Plaintiff's employment because she suffers from a disability and because she requested a short time off of work due to her disability.

32. Plaintiff worked more than forty hours per workweek for Defendants.

33. Plaintiff also worked many hours off-of-the-clock each week for Defendants.

34. The off-of-the-clock hours that Plaintiff worked typically occurred during evenings when she was required to answer phone calls related to her work for Defendants.

35. Defendants were aware that Plaintiff worked these hours, but Defendants told her not to clock in for this work.

36. Around late June or early July 2019, Plaintiff stopped working off of the clock for Defendants.

37. Shortly after Plaintiff stopped working off of the clock for Defendants, Darla Handler complained to Plaintiff that her hours were too high, and again insisted that Plaintiff perform work off of the clock. Plaintiff told Darla Handler that she would not continue to work off of the clock for Defendants.

38. Shortly after Plaintiff refused to continue working off of the clock, Defendants terminated Plaintiff's employment.

39. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, and she received a right to sue letter within 90 days of the filing of her Complaint.

## COUNT I
## DISABILITY DISCRIMINATION

40. Plaintiff re-alleges each allegation set forth in paragraphs 1-39 above.

41. In violation of Ohio Revised Code Sections 4112.02 and 4112.99 and the Americans with Disabilities Act, 42 U.S.C. Sections 12101, *et seq.*, Defendants discriminated against Plaintiff because of her disability, because of her record of being disabled, or because of perceived disabilities.

42. Plaintiff was qualified for her job.

43. Plaintiff could perform the essential functions of her job with a reasonable accommodation.

44. Plaintiff suffered an adverse employment action when Defendants refused to reasonably accommodate her disability and then terminated her employment.

45. Plaintiff has been damaged by Defendants' disability discrimination.

46. Defendants' conduct is the cause of Plaintiff's damages.

47. Defendants are liable for Plaintiff's costs and reasonable attorney's fees pursuant to the Americans with Disabilities Act.

48. Defendants acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

## COUNT II
## UNPAID OVERTIME WAGES

49. Plaintiff re-alleges each allegation set forth in paragraphs 1-48 above.

50. Defendants are required to comply with the overtime requirements set forth in the Ohio Revised Code and the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq.*

51. Plaintiff was a non-exempt hourly employee.

52. Defendants have violated Ohio Revised Code Sections 4111.03 and 4111.10 and the Fair Labor Standards Act by not paying Plaintiff time-and-a-half overtime wages for all hours worked over a regular forty-hour workweek.

53. Defendants' conduct with regard to not paying time-and-a-half overtime wages to Plaintiff was willful.

54. Plaintiff has been damaged by Defendants' non-payment of time-and-a-half overtime wages.

55. Plaintiff is entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

56. Defendants are liable for the costs and reasonable attorney's fees of Plaintiff pursuant to Ohio Revised Code Section 4111.10 and the Fair Labor Standards Act.

## COUNT III
## FAIR LABOR STANDARDS ACT RETALIATION

57. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 56 above.

58. Plaintiff opposed and complained about Defendants' unlawful wage practices pursuant to the Fair Labor Standards Act.

59. Plaintiff had a reasonable belief that Defendants were engaging in unlawful wage practices by demanding that she work off of the clock without pay (or time-and-a-half overtime wages for her hours over forty in a workweek).

60. Defendants retaliated against Plaintiff by terminating her employment.

61. Defendants terminated Plaintiff's employment because of Plaintiff's opposition to and complaints about Defendants' unlawful wage practices.

62. Plaintiff has been damaged by Defendants' retaliation.

63. Defendants' conduct is the cause of Plaintiff's damages.

64. Defendants acted with actual malice, entitling Plaintiff to punitive damages.

65. Plaintiff is entitled to compensatory damages under the Fair Labor Standards Act for Defendants' violations of Section 15(a)(3) of that Act (28 U.S.C. Section 215(a)(3)).

66. Defendants are liable for Plaintiff's attorney's fees and costs pursuant to the Fair Labor Standards Act.

## COUNT IV
## NEGLIGENT TRAINING, RETENTION, AND SUPERVISION

67. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 66 above.

68. Defendants had a duty to use due care in training, retaining, and supervising Darla Handler.

69. There was an employment relationship between Darla Handler and Defendants.

70. Darla Handler was not competent for the job that she held with Defendants.

71. Defendants knew or should have known that Darla Handler was not competent for the job that she held with Defendants.

72. Defendants' failure to take action against Darla Handler caused Plaintiff's injuries.

73. Defendants' negligence in training, retaining and supervising Darla Handler was the proximate cause of Plaintiff's injuries.

74. Darla Handler's actions were foreseeable.

75. Defendants' conduct is the cause of Plaintiff's damages.

7

## COUNT V
## FAILURE TO PROVIDE REQUESTED RECORDS

76. Plaintiff re-alleges each allegation set forth in paragraphs 1-75 above.

77. On November 27, 2019, a person acting on behalf of Plaintiff sent a request to Defendants for documents and records required to be kept and produced pursuant to Ohio Revised Code Section 4111.14(F)-(G).

78. Defendants received the request for documents and records regarding Plaintiff that are required to be kept and produced pursuant to Ohio Revised Code Section 4111.14(F)-(G).

79. Defendants failed to provide any documents or records in response to the request.

80. Plaintiff may bring this action pursuant to Ohio Revised Code Section 4111.14(K).

81. Defendants are liable for the costs and reasonable attorney's fees of Plaintiff pursuant to Section 34(a) of Article II of the Ohio Constitution.

WHEREFORE, Plaintiff demands judgment against Defendants for her lost wages, reinstatement or front pay, unpaid overtime wages, liquidated damages, lost fringe benefits, statutory damages, emotional distress, and any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, interest on unpaid wages pursuant to Ohio Revised Code 4113.15, attorney's fees and costs, and all other relief to which she is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of January, 2021, I filed the foregoing with this Court's Electronic Filing System, which shall serve notice upon counsel for Defendant Embassy Willow Park, LLC d/b/a Willow Park Skilled Nursing and Rehabilitation.  Defendants Embassy Royal Oak, LLC and Minute Men Select, Inc. are being served via Certified Mail by the Clerk of Courts.

/s/ Christopher M. Sams