UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
----------------------------------------------------

|  |  |  |
|---|---|---|
| | : | |
| TERESA COLE, | : | |
| | : | Case No. 1:21-cv-302 |
| Plaintiff, | : | OPINION AND ORDER |
| | : | [Resolving Doc. 7] |
| v. | : | |
| | : | |
| EMBASSY WILLOW PARK, LLC, *et al.*, | : | |
| | : | |
| Defendants, | : | |

----------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Teresa Cole brings disability discrimination, Fair Labor Standards Act, and other claims against Defendants Embassy Willow Park, LLC, Embassy Royal Oak, LLC, and Minute Men Select, Inc.[1]  In general terms, Plaintiff claims that Defendants, her former employers, routinely asked her to work off-the-clock overtime hours, deprived Plaintiff of overtime pay, and ultimately fired Plaintiff when she refused to perform uncompensated work.[2]  Plaintiff also claims that Defendants fired her, in part, after a medical condition caused Plaintiff to be briefly hospitalized.[3]

Plaintiff claims that Defendants jointly employed her and thus jointly violated the invoked statutes.[4]

Defendants Embassy Willow Park and Embassy Royal Oak admit that they employed Plaintiff but claim that they did not engage in the wrongful activity Plaintiff alleges.[5]

---

[1] Doc. 1-4.
[2] *Id.* at 5.
[3] *Id.* at 4.
[4] Doc. 9 at 3.
[5] Doc. 1-5 at 2; Doc. 1-6 at 2.

Case No. 1:21-cv-302
Gwin, J.

Defendant Minute Men Select, however, claims that it is a payroll services company that merely processed Plaintiff's paychecks and "[a]s a matter of contract and law . . . ha[d] no involvement, duties, or responsibilities relative to" Plaintiff's compensation and termination.[6]  Defendant Minute Men Select attaches a Services Agreement that it claims proves this version of events beyond dispute.[7]

Working from this version of events, Defendant Minute Men Select moves for judgment on the pleadings, arguing that it is not subject to Fair Labor Standards Act or employment discrimination liability for Plaintiff's claims.[8]

Plaintiff, however, has her own version of events, arguing that Minute Men Select "exercised at least some authority to fire or discipline [Plaintiff] and had control over her pay."[9]  Working from her own version of events, Plaintiff claims that Defendant Minute Men Select is not entitled to judgment on the pleadings.[10]

Defendant Minute Men Select's version of events may be true.  But at this stage in the litigation, the Court "must construe the complaint in the light most favorable to plaintiff[]" and "accept all well-pled factual allegations as true."[11]  Determining whether Defendant Minute Men Select jointly employed Plaintiff with the Embassy Defendants "require[s] [the Court] to consider all of the facts."[12]  The Agreement that Minute Men Select attached to its

---

[6] Doc. 6 at 1, 3; Doc. 7 at 6.
[7] Doc. 6 at 18–23.
[8] Doc. 7 at 8.
[9] Doc. 9 at 4.
[10] *Id.*
[11] *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).
[12] *Branning v. Romeo's Pizza, Inc.*, 1:19-cv-2092, 2020 WL 3275716, at *4 (N.D. Ohio Apr. 6, 2020).

Case No. 1:21-cv-302
Gwin, J.

answer is only part of the relevant case facts.[13]  "Thus, whether Defendants are 'joint employers' is an issue that is better raised after discovery."[14]

For these reasons, the Court **DENIES** Defendant Minute Men Select's judgment on the pleadings motion.  The Court notes, however, that Minute Men Select may raise this issue again in a summary judgment motion.  If discovery reveals that Minute Men Select did not exercise authority over the payment and termination decisions Plaintiff contests, Minute Men Select may opt to file a summary judgment motion addressing the issue.

IT IS SO ORDERED.

Dated:  August 30, 2021                    s/      *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[13] *Id.*
[14] *Id.* (citing *Montanez v. Voss Indus., LLC*, 1:18-cv-1378, 2019 WL 2330511, at *6 (N.D. Ohio May 31, 2020)).